NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1220n.06

No. 11-2551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 26, 2012*

LEONARD GREEN, Clerk

GUY DEMASELLIS,                                    )
                                                   )        ON APPEAL FROM THE
            *Plaintiff-Appellant,*                 )        UNITED STATES DISTRICT
                                                   )        COURT FOR THE EASTERN
v.                                                 )        DISTRICT OF MICHIGAN
                                                   )
ST MARY'S OF MICHIGAN.                             )             O P I N I O N
                                                   )
            *Defendant-Appellee.*                  )

BEFORE:     DAUGHTREY, COLE and GIBBONS, Circuit Judges.

COLE, Circuit Judge.  Plaintiff-Appellant Guy DeMasellis brought suit against his former

employer, Defendant-Appellee St. Mary's of Michigan, for employment discrimination and

retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e-2000e-17)

and Michigan's Elliot Larsen Civil Rights Act (Mich. Comp. Laws §§ 37.2201-37.2211).  St. Mary's

moved for summary judgment.  The district court granted the motion as to the Title VII claims and

declined subject matter jurisdiction with regard to the state law claims.  This appeal followed.

We review a district court's grant of a summary judgment motion de novo.  *Tysinger v.*

*Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006).  A motion for summary

judgment should be granted if the movant demonstrates that there is no genuine issue of material fact

and the movant is entitled to judgment as a matter of law.  *Id.;* Fed. R. Civ. P. 56(a).  The moving

party "always bears the initial responsibility of informing the district court of the basis for its motion,

and identifying those portions of . . . [the record] . . . which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party then has the burden to respond and "set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must draw all reasonable assumptions in favor of the non-moving party. *Grecewicz v. Henry Ford Macomb Hosp. Corp.*, 683 F.3d 316, 323 (6th Cir. 2012). When reviewing a summary judgment, an appellate court must confine its review of the evidence to that which was submitted to the district court. *McClung v. Wal-Mart Stores, Inc.*, 270 F.3d 1007, 1011 (6th Cir. 2001).

The district court held that DeMasellis produced no evidence supporting his Title VII claims to create a genuine dispute of material fact for trial. Because the persuasive reasoning that supports this decision has been clearly and thoroughly articulated by the district court in its Opinion and Order, a detailed written opinion from this Court would be unnecessarily duplicative and this Court adopts the lower court's reasoning.

We do not, however, agree with the district court's reasoning on one point. The district court held that because statements made to DeMasellis by Mr. Jore, a human resources manager at St. Mary's hospital, were not corroborated, no reasonable finder of fact could conclude that DeMasellis presented "direct evidence" of discrimination. This was an improper weighing of the evidence. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) ("In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited."). Nonetheless, we agree with the district court's legal conclusion. Statements are "direct evidence" of discrimination only if they "require[] the conclusion that unlawful discrimination was at least a motivating factor in the

employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Mr. Jore's statements are most naturally read as comments about DeMasellis's interpersonal skills. Moreover, DeMasellis conceded that Mr. Jore was not motivated by gender bias. Since the statements only lead to a conclusion of discrimination after numerous inferences and assumptions are made, they are not "direct evidence" of discrimination as a matter of law. *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) ("[D]irect evidence of discrimination does not require a factfinder to draw any inferences . . . .").

The Opinion and Order Granting Defendant's Motion for Summary Judgment issued November 7, 2011, by the Honorable Thomas L. Ludington is therefore AFFIRMED by this court on the basis of the reasoning contained therein.